IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON CLARK,<br><br>            Plaintiff,<br><br>    v.<br><br>VILLAGE OF COAL CITY; COAL CITY POLICE AND FIRE BOARD; and TIM FEHR, in his official capacity,<br><br>            Defendants. | No. 13 C 5119<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Young B. Kim |

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**[1]

Defendants, VILLAGE OF COAL CITY, COAL CITY POLICE AND FIRE BOARD and TIM FEHR, in his official capacity (hereafter "Coal City Defendants), by and through their attorneys, Stephen R. Miller and Nikoleta Lamprinakos of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., and in answer to plaintiff's verified complaint state as follows:

1. This is a civil rights action challenging Defendants' failure to promote Plaintiff in retaliation for exercising his rights of association under the First Amendment to the United States Constitution, and for violations of due process and equal protection under the Fourteenth Amendment of the United States Constitution.

**ANSWER:** **Defendants admit that plaintiff brings a civil rights action alleging that Defendants' failure to promote Plaintiff was in retaliation for exercising his rights of association under the First Amendment to the United States Constitution, and for violations of due process and equal protection under the Fourteenth Amendment of the United States Constitution. Defendants deny that they violated any of plaintiff's constitutional rights.**

---

[1] Pursuant to an agreement with plaintiff's counsel, defense counsel is filing this answer without the need for a verification

2. Plaintiff seeks damages, injunctive relief and declaratory relief, pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants.

**ANSWER:** **Defendants admit that plaintiffs are seeking damages, injunctive relief and declaratory relief pursuant to 42 U.S.C. §§1983 and 1988.**

3. This action is premised on the United States Constitution pertaining to the denial of Plaintiff's fundamental rights, namely his rights of association, to due process, and to equal protection of the law, by Defendants named therein.

**ANSWER:** **Defendants admit that this action is premised on the United States Constitution but deny the remaining allegations of Paragraph 3.**

4. Defendants' actions have deprived and will continue to deprive Plaintiff of his paramount rights provided under the United States Constitution.

**ANSWER:** **Defendants deny the allegations of Paragraph 4.**

5. Each and every act alleged herein was committed by Defendants each and every one of them, under the color of state law and authority.

**ANSWER:** **Defendants deny the allegations of Paragraph 5.**

### Jurisdiction and Venue

6. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** **Defendants admit the allegations of Paragraph 6.**

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), because the actions giving rise to this claim occurred within the Northern District of Illinois, and Defendants reside in this district.

**ANSWER:** **Defendants admit that venue is proper.**

### Parties

8. Plaintiff Jason Clark is an individual who resides in the County of Grundy, in the State of Illinois. Plaintiff is a police officer working for the Coal City Police Department.

**ANSWER:** **Defendants admit the allegations of Paragraph 8.**

9. Defendant Village of Coal City (the "Village") is a public entity organized under the laws of the State of Illinois with the authority to sue and be sued in its own name.

**ANSWER:** **Defendants admit the allegations of Paragraph 9.**

10. The Village acts as a governing body for the Coal City Police Department ("Coal City PD") and sets policy for the Coal City PD.

**ANSWER:** **Defendants admit the allegations of Paragraph 10.**

11. Defendant Coal City Police and Fire Board (the "Board") is an official board established by the Village and comprised of three individuals who are appointed to serve. On information and belief, the Board acts as a governing body for, *inter alia*, the Coal City PD and is responsible for establishing rules and procedures for new hires and promotions within the Coal City PD.

**ANSWER:** **The Village did establish and does utilize a Board of Police and Fire Commissioners as required by state statute. Defendants deny that the Board acts as the governing body for, *inter alia*, the Coal City Police Department. Defendants admit the remaining allegations of Paragraph 11.**

12. Defendant Tim Fehr was, at all times relevant to the facts alleged in this complaint, the President and head of the Board.

**ANSWER:** **Defendants admit that at all times relevant to the facts alleged in this complaint, Defendant Tim Fehr was the Chairman of the Board but deny the remaining allegations of Paragraph 12.**

13. Defendants were at all times relevant to the facts alleged in this complaint acting under the color of state law.

**ANSWER:** **Defendants admit the allegations of Paragraph 13.**

### Facts Common to All Counts

14. Plaintiff began working for Coal City PD on or about January 11, 1999.

**ANSWER:** **Defendants admit the allegations of Paragraph 14.**

15. Throughout his employment with Coal City PD, Plaintiff has never received any formal discipline.

**ANSWER:** **Defendants lack sufficient information with which to form a belief as to the truth of the allegations of Paragraph 15 and therefore deny same.**

16. When Plaintiff began his employment with Coal City PD, Coal City PD officers and sergeants were not unionized.

**ANSWER:** **Defendants admit the allegations of Paragraph 16.**

17. In 2006, Coal City PD officers and sergeants joined the Metropolitan Alliance of Police Union ("MAPU") as Chapter 186. Thereafter, Plaintiff became Vice President of Chapter 186 of MAPU.

**ANSWER:** **Defendants admit the allegations of Paragraph 17.**

18. In 2009, the Village entered into a valid and binding collective bargaining agreement with Chapter 186 of MAPU.

**ANSWER:** **Defendants admit the allegations of Paragraph 18.**

19. In February 2010, Plaintiff became President of Chapter 186 of MAPU.

**ANSWER:** **Defendants admit the allegations of Paragraph 19.**

20. Between 2010 and 2012, Plaintiff filed a series of grievances relating to violations of Chapter 186's collective bargaining agreement with Coal City PD.

**ANSWER:** **Defendants admit the allegations of Paragraph 20.**

21. On or about April 2010, Plaintiff filed a grievance with the Village after then-Police Chief Keith Hefner took away a uniform allowance for its police officers.

**ANSWER:** **Defendants deny the allegations of Paragraph 21.**

22. The Village ultimately settled this grievance with Plaintiff by agreeing to pay each officer $550.00 per year for a uniform allowance.

**ANSWER:** **Defendants deny the allegations of Paragraph 22.**

23. On or about February 2011, Plaintiff filed a second grievance with the Village relating to the Village's use of part time police officers in violation of the collective bargaining agreement.

**ANSWER:** **Defendants admit the allegations of Paragraph 23.**

24. During the winter of 2011, Plaintiff was approached by then Police Chief Keith Hefner in response to Plaintiff's grievance about the Village's use of part time police officers and was told by then Chief Hefner. "You don't know what the fuck you're getting yourself into."

**ANSWER:** **Defendants lack sufficient information with which to which to form a belief as to the truth of the allegations of Paragraph 24 and therefore deny same.**

25. Despite pressure to do so, Plaintiff refused to withdraw his grievance.

**ANSWER:** **Defendants admit that plaintiff refused to withdraw his grievance but deny the remaining allegations of Paragraph 25.**

26. In May 2013, the Village settled this grievance with Plaintiff.

**ANSWER:** **Defendants admit that the grievance was settlement after pertinent language was the subject of bargaining during MAP collective bargaining renewal but deny the remaining allegations of Paragraph 26.**

27. In the summer of 2012, Plaintiff filed a third grievance with the Village after it was discovered that the Village was in talks with Grundy County offices to disband the Coal City PD and outsource its officers, in violation of the collective bargaining agreement.

**ANSWER:** **Defendants admit that in the summer of 2012, Plaintiff filed a third grievance with the Village after it was discovered that the Village was in talks with Grundy County offices about the possibility of disbanding the Coal City Police Department and outsourcing its officers but deny the remaining allegations of Paragraph 27.**

28. The Village hired a firm to perform a feasibility study on the potential disbanding of the Coal City PD. The firm hired by the Village ultimately concluded that the plan was not economically viable.

**ANSWER:** **Defendants admit the Village hired a firm to perform a feasibility study where the disbanding of the Coal City Police Department was only one of the potential outcomes. Defendants deny the remaining allegations of Paragraph 28.**

29. In early 2013, Plaintiff was asked by Coal City Village Administrator Matthew Fritz to withdraw his grievance. Plaintiff refused to do so.

**ANSWER:** **Defendants deny the allegations of Paragraph 29.**

30. Plaintiff took the Sergeant Promotion Examination ("SPE") in 2008, which consisted of a written exam and oral panel.

**ANSWER:** **Defendants admit the allegations of Paragraph 30.**

31. At that time, certain preference points would be added to an applicants' score on the SPE, including seniority points, education points, military service points, and Police Chief's preference points.

**ANSWER:** **Defendants admit at that time, certain preference points would be added to an applicants' score on the SPE, including seniority points and military service points. Defendants deny the remaining allegations of Paragraph 31.**

32. Upon information and belief, Plaintiff had enough points for promotion to the position of Sergeant after taking the 2008 SPE.

**ANSWER:** **Defendants admit that plaintiff had enough points to be in one of the top three slots for possible promotion to the position of Sergeant after taking the 2008 SPE.**

33. Plaintiff took the SPE again in the summer of 2012.

**ANSWER:** **Defendants admit the allegations of Paragraph 33.**

34. In the fall of 2012, Coal City Police Chief Tom Best recommended that Plaintiff be promoted to the position of Sergeant.

**ANSWER:** **Defendants admit that plaintiff was one of the three possible candidates that Police Chief Tom Best recommended for promotion to the position of Sergeant but deny the remaining the allegations of Paragraph 34.**

35. On the SPE administered in 2012, Plaintiff was eligible for additional points for seniority and education, in addition to all the Police Chief's preference points.

**ANSWER:** **Defendants admit that plaintiff was eligible for additional points for seniority but deny the remaining allegations of Paragraph 35.**

36. For the 2012 SPE, Tim Fehr, a member of the Coal City Police and Fire Board, made the decision to not apply points for seniority, education, or Police Chief preference points to the SPE, although points were still given for military service.

**ANSWER:** **Defendants admit that for the 2012 SPE, Tim Fehr was a member of the Board of Police and Fire Commissioners but deny the remaining allegations of Paragraph 36.**

37. There is no policy or procedure in place for awarding such points on the SPE.

**ANSWER:** **Defendants deny the allegations of Paragraph 37 because there is a policy in place for the awarding of military points and seniority points. Defendants make no answer to the remaining allegations relating to education points and police chief preference points as those types of points do not exist.**

38. By taking away points earned in an *ad hoc* and discretionary manner, Plaintiff went from #1 to #3 on the Sergeant promotion list.

**ANSWER:** **Defendants deny the allegations of Paragraph 38.**

Document Number: 343188

39. The individual promoted to Sergeant instead of Plaintiff had less experience than Plaintiff and was in fact trained by Plaintiff.

**ANSWER:** **Defendants deny the allegations of Paragraph 39 because the phrase "less experience" is vague and the plaintiff fails to identify which "individual" was promoted to Sergeant at what time so Defendants cannot truthfully form an answer to the allegations of Paragraph 39.**

40. Tim Fehr and/or other unknown individuals made the decision to take away points earned by Plaintiff in retaliation for Plaintiff's involvement with protected union activities.

**ANSWER:** **Defendants deny the allegations of Paragraph 40.**

41. Matthew Fritz admitted to Plaintiff that there was no policy or procedure in place for scoring the SPE.

**ANSWER:** **Defendants deny the allegations of Paragraph 41.**

42. Tim Fehr recently posted an opening for entry level Coal City PD officers which provides the exact same points that were taken away from Plaintiff during his SPE, specifically chief preference points, education points, and seniority points.

**ANSWER:** **Defendants deny the allegations of Paragraph 42.**

### COUNT I
### 42 U.S.C. § 1983
### (First and Fourteenth Amendment – Right of Association)

43. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

**ANSWER:** **Defendants restate their responses to Paragraphs 1 – 42 above as if fully set forth herein as the answer to Paragraph 43.**

44. Plaintiff was not promoted to the position of sergeant, despite being qualified, despite being experienced and despite having earned sufficient points to score number one on the examination, because of participation in protected union activities.

**ANSWER:** **Defendants deny the allegations of Paragraph 44.**

45. As a result, Plaintiff suffered damages including but not limited to lost wages and benefits.

**ANSWER:** **Defendants deny the allegations of Paragraph 45.**

46. Defendants' failure to promote Plaintiff was a direct and proximate cause of his pain, suffering and mental anguish.

**ANSWER:** **Defendants deny the allegations of Paragraph 46.**

47. The acts by Defendants infringed upon Plaintiff's First Amendment right of association, in addition to a violation of 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations of Paragraph 47.**

## COUNT II
## 42 U.S.C. § 1983
### (Fourteenth Amendment – Violation of Equal Protection Clause)

48. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

**ANSWER:** **Defendants restate their responses to Paragraphs 1 – 47 above as if fully set forth herein as the answer to Paragraph 48.**

49. Defendants have allowed other employees to express their constitutional right of association, but have refused to promote Plaintiff based upon his protected union activities.

**ANSWER:** **Defendants deny the allegations of Paragraph 49.**

50. Defendants' failure to promote Plaintiff intentionally treats Plaintiff differently other than similarly-situated employees based on Plaintiff's protected union activities.

**ANSWER:** **Defendants deny the allegations of Paragraph 50.**

51. Defendants have no compelling or legitimate reasons that would justify its disparate treatment of Plaintiff.

**ANSWER:** **Defendants deny the allegations of Paragraph 51.**

52. Defendants' conduct therefore violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** **Defendants deny the allegations of Paragraph 52.**

## COUNT III
## 42 U.S.C. § 1983
## (Fourteenth Amendment – Violation of Due Process Clause)

53. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

**ANSWER:** **Defendants restate their responses to Paragraphs 1 – 52 above as if fully set forth herein as the answer to Paragraph 53.**

54. Defendants' *ad hoc* and discriminatory conduct resulted in Plaintiff being denied a promotion for which he had earned and for which he was qualified.

**ANSWER:** **Defendants deny the allegations of Paragraph 54.**

55. Defendants have no compelling or legitimate reason that would justify their treatment of Plaintiff.

**ANSWER:** **Defendants deny the allegations of Paragraph 55.**

56. Defendants' conduct therefore violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** **Defendants deny the allegations of Paragraph 56.**

## AFFIRMATIVE DEFENSES

1. Defendants had legitimate, nondiscriminatory reasons for their actions as alleged in the Complaint which plaintiff cannot rebut.

2. Plaintiff has no damages because he has been continuously employed by defendants.

3. To the extent that Plaintiff has any damages arising from the conduct alleged in the Complaint, Plaintiff has failed to mitigate his damages.

4. Plaintiff cannot make out a *prima facie* case of any statutory or constitutional violation.

5. Moreover, to the extent that Plaintiff has any damages arising from the conduct

alleged in the Complaint, Plaintiff has also failed to mitigate such damages.

6.	All or some of Plaintiff's claims may be barred, in whole or in part, by statutory governmental immunity or qualified immunity.

7.	Defendant, as a governmental body, is not liable for exemplary or punitive damages.

8.	Defendant reserves the right to rely on any other provable defense that might be revealed during discovery or any hearing or trial in this matter.

WHEREFORE, Defendants, VILLAGE OF COAL CITY, COAL CITY POLICE AND FIRE BOARD and TIM FEHR, in his official capacity, request that the Complaint and Jury Demand be dismissed with prejudice, and for such other and further relief that this Court deems just and appropriate.

Defendants demand trial by jury.

Respectfully submitted,

VILLAGE OF COAL CITY, COAL CITY POLICE AND FIRE BOARD and TIM FEHR, in his official capacity

By: /s/ Nikoleta Lamprinakos
One of Their Attorneys

Stephen R. Miller (6182908), smiller@robbins-schwartz.com
Nikoleta Lamprinakos (6274018), nlamprinakos@robbins-schwartz.com
ROBBINS, SCHWARTZ, NICHOLAS,
  LIFTON & TAYLOR, LTD.
55 West Monroe, Suite 800
Chicago, Illinois  60603-5144
Telephone (312) 332-7760
Fax (312) 332-7768

Document Number: 343188

## CERTIFICATE OF SERVICE BY ELECTRONIC MAILING

    I hereby certify that I electronically filed the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system on this 10th day of July, 2014, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9:

    Stephen F. Potts (steve@sfpottslaw.com)
    Miguel E. Larios (nriguel@sfpottslaw.com)
    Law Office of Stephen F. Potts
    2720 South River Road, Suite 140
    Des Plaines, Illinois 60018-4111

                                          s/ Nikoleta Lamprinakos
                                          Nikoleta Lamprinakos

Document Number: 343188